**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN S. CLARK, individually and as trustee of the John S. and Loretta J. Clark Trust, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| NATIONAL EQUITIES HOLDINGS, INC., a Delaware corporation, BILLY M. KNOLLENBERG, DORIS A. KNOLLENBERG, DONALD DOUGLAS a/k/a Donnie Douglas, CHERYL WALKER DOUGLAS, VIRGIN AMERICA ENERGY, INC., a Texas corporation, M P C C, INC., a Texas corporation, CADDO CREEK PRODUCTION, INC., a Texas corporation, LOCKOUT CORPORATION, a Texas corporation, ELVIS CLINT MCBAY, LYLE J. BRANDON, and LANA ROBERTS BRANDON, | § § § § § § § § § § § § § § § § § § | Case No. 4:05-CV-290 |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

On July 18, 2005, the Plaintiff, John S. Clark ("Clark"), filed his original complaint seeking damages for RICO violations, common law fraud and conversion. On July 26, 2005, Defendants Lockout Corporation ("Lockout") and Elvis Clint McBay moved to dismiss Clark's lawsuit, alleging that Clark failed to state a claim upon which relief can be granted. Lockout and Elvis Clint McBay argued that Clark failed to set forth facts sufficient to support a RICO claim. National Equities

Holdings, Inc. ("NEHI"), Virgin America Energy, Inc. ("Virgin"), MPCC, Inc. ("MPCC"), Billy

Knollenberg and Doris Knollenberg subsequently filed a similar motion to dismiss.  The remaining

Defendants (Donald Douglas, Cheryl Walker Douglas, Caddo Creek, Lyle Brandon and Lana

Brandon) did not move for a dismissal.[1]

After reviewing the briefing of the parties and the relevant case law, the court concluded that

Clark failed to allege the existence of an enterprise as required to maintain a RICO claim.

Accordingly, on February 10, 2006, the court dismissed Clark's RICO claims against all of the

Defendants with prejudice.  Additionally, the court declined to exercise supplemental jurisdiction

over Clark's remaining state law claims, dismissing those claims without prejudice to the refiling

of the same in the appropriate state court.

Thereafter, on February 17, 2006, Clark filed his notice of appeal to the United States Court

of Appeals for the Fifth Circuit.  While the appeal was pending, Clark, NEHI, Virgin, MPCC, Billy

Knollenberg, Doris Knollenberg, Lockout and Elvis Clint McBay reached a settlement.   In

conformance with the settlement and the stipulation of these parties, this court entered an order on

February 22, 2007 dismissing with prejudice Clark's claims against NEHI, Virgin, MPCC, Billy

Knollenberg, Doris Knollenberg, Lockout and Elvis Clint McBay.

On May 8, 2007, Clark filed a "Motion to Vacate and to Remand or to Remand Issue of

Newly Discovered Evidence" in the Fifth Circuit.  The Fifth Circuit subsequently issued an opinion

on May 30, 2007 denying Clark's motion to vacate the judgment and to remand.  However, the Fifth

Circuit granted Clark's alternative motion to remand in part.  The Fifth Circuit remanded this case

---

[1]Since a district court may dismiss a complaint on its own motion for failure to state a claim, the court examined whether Clark failed to state a claim against the remaining Defendants as well.  *See Skidmore Energy, Inc. v. KPMG*, 2004 WL 3019097, *5 (N.D. Tex. 2004).

to this court for the limited purpose of considering Clark's FED. R. CIV. P. 60(b) motion.

On July 13, 2007, Clark filed his "Rule 60(b) Motion and Memorandum in Support" (docket entry #161) in this court.  Clark argues that pursuant to FED. R. CIV. P. 60(b)(2), (3) or (6), he is entitled to relief from this court's February 10, 2006 judgment.  Having considered Clark's motion, the court finds that the same should be denied.[2]

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

"Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, . . . a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (citation omitted).  "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Id.* at 639-40 (citation omitted).

"A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged

---

[2]Donald Douglas, Cheryl Walker Douglas, Caddo Creek, Lyle Brandon and Lana Brandon did not file a response to Clark's Rule 60(b) motion.

in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Id*. at 641 (citation omitted). "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id*. (citation omitted). "Unlike Rule 60(b)(2), 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case." *Id*. (citation omitted). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id*. (citation omitted). "The rule is remedial and should be liberally construed." *Id*. (citation omitted).

"Under Rule 60(b)(6), a court may grant relief for 'any other reason justifying relief from the operation of the judgment.'" *Id*. at 642. FED. R. CIV. P. 60(b)(6) "'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Id*. "'The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id*. (citation omitted). Nonetheless, "'[r]elief under this section is granted 'only if extraordinary circumstances are present.'" *Id*., quoting *American Totalisator Co., Inc. v. Fair Grounds, Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (internal citation omitted). "The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Id*. at 643 (citation omitted).

### DISCUSSION AND ANALYSIS

On April 30, 2007, the government filed a one count information against Donald Douglas alleging a violation of 18 U.S.C. § 1343 (wire fraud). *See* CAUSE NUMBER 6:07-CR-42. The information alleged that Donald Douglas, as founder and president of Caddo Creek, "would cause representatives of Caddo Creek, including himself, to make false representations to induce third parties to invest in projects or purchase interests in projects that Caddo Creek did not own or

control." **INFORMATION**, p. 2, ¶ C.4.   Other representatives of Caddo Creek included Cheryl Douglas (Donald Douglas's wife), Lana Brandon (Donald Douglas's daughter) and Lyle Brandon (Donald Douglas's son-in-law). *See id*. at p. 1, ¶ A.2.  Prior to the filing of the information, Donald Douglas signed a plea agreement on March 13, 2006, pleading guilty to a charge of wire fraud in violation of 18 U.S.C. § 1343.  Additionally, Donald Douglas signed a factual resume, detailing the fraud which transpired between 1999 and December 2004, some of which appears to encompass Clark's allegations as contained in his complaint.  Thereafter, on April 30, 2007, Donald Douglas entered a plea of guilty before United States Magistrate Judge John D. Love.  Donald Douglas's plea of guilty was subsequently accepted by United States District Judge Michael H. Schneider.  Donald Douglas has not yet been sentenced.

Also on April 30, 2007, the government filed a one count information against Cheryl Douglas alleging a violation of 18 U.S.C. § 4 (misprision of a felony). *See* CAUSE NUMBER 6:07-CR-41.  Prior to the filing of the information, Cheryl Douglas signed a plea agreement on March 13, 2006, pleading guilty to a charge of misprision of a felony in violation of 18 U.S.C. § 4.  Additionally, Cheryl Douglas signed a factual resume, admitting her awareness of her husband's (Donald Douglas) wire fraud scheme and her failure to report the same to the authorities.  Thereafter, on April 30, 2007, Cheryl Douglas entered a plea of guilty before United States Magistrate Judge John D. Love.  Cheryl Douglas's plea of guilty was subsequently accepted by United States District Judge Michael H. Schneider.  Cheryl Douglas has not yet been sentenced.

Clark now argues that the "facts from the informations and from the factual resumes now allows [sic] Clark to plead the existence of a pattern of racketeering activity and the existence of an enterprise separate and apart from the 'pattern of racketeering activity.'" **CLARK'S RULE 60(b)**

-5-

MTN., p. 9.  Clark seeks relief from this court's judgment pursuant to FED. R. CIV. P. 60(b)(2).[3] Although the court agrees with Clark that he exercised due diligence in obtaining the above-referenced information and providing the same to the court, the court does not agree that the evidence will produce a different result.

"A plaintiff asserting a RICO claim must allege the existence of an enterprise."  *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995) (citation omitted).  "A RICO enterprise can be either a legal entity or an association-in-fact."  *Id*. (citation omitted).  In his complaint and RICO case statement, Clark alleged an association-in-fact enterprise consisting of NEHI, Billy Knollenberg, Doris Knollenberg, Donald Douglas, Cheryl Douglas, Virgin, MPCC, Caddo Creek, Lockout, Elvis Clint McBay, Lyle Brandon and Lana Brandon.

In order to establish an association-in-fact enterprise, a plaintiff must demonstrate "'evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit.'"  *Crowe*, 43 F.3d at 205 (citations omitted).  "This formulation of an association-in-fact enterprise incorporates the notion of continuity."  *Id*. (citation omitted).[4] Accordingly, an "'association-in-fact enterprise 1) must have an existence separate and apart from the pattern of racketeering, 2) must be an ongoing organization and 3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure.'"  *Id*.

---

[3]The court notes that Clark referenced FED. R. CIV. P. 60(b)(3) & (6) as well.  Clark, however, did not present any arguments with respect to those standards.  Accordingly, the court has limited its analysis in conformity with Clark's arguments relating to newly discovered evidence.

[4]"'Continuity' can be either 'close-ended' or 'open-ended.'  This refers to either 'a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.'"  *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, 2002 WL 550450, *2 (N.D. Tex. 2002)(citations omitted).

(citations omitted).

As noted in the court's original opinion, Clark failed to allege that the enterprise existed separate and apart from the pattern of racketeering.  Clark was required to plead specific facts to establish that the association existed for purposes other than simply to commit the predicate acts.  *See Troyer v. Boomtown, LLC*, 2004 WL 2984364, *8 (E.D. La. 2004) (citation omitted).  Clark, however, failed to specifically plead facts showing that the association existed for purposes other than simply to commit the predicate acts.

Even with the existence of the plea agreements now before the court, the result does not change.  According to Donald Douglas's factual resume, Caddo Creek Productions, Inc. was formed in or about January 28, 1998.  **DONALD DOUGLAS'S FACTUAL RESUME**, p. 1, ¶ A.1.  "Caddo Creek ***purportedly*** was in the business of exploring and developing oil and gas interests."  *Id*. at p. 1, ¶ A.2. (emphasis added).  However, beginning ***at least*** in or about 1999 and continuing through December 2004, Donald Douglas "devised, and intended to devise, a scheme and artifice to defraud persons and businesses and to obtain money and property by means of false and fraudulent pretenses, representations and promises."  *Id*. at p. 2, ¶ B.3.  Clark's newly discovered evidence merely solidifies the court's prior ruling: no association-in-fact enterprise existed.  The newly discovered evidence does not establish that the enterprise existed separate and apart from the pattern of racketeering.  *See Troyer*, 2004 WL 2984364 at *8 (citation omitted) ("[i]f the association has as its *raison d'etre* a single, discrete goal toward which all its energies are directed, the association is not a RICO enterprise.").

Further, the newly discovered evidence does not establish that the enterprise's members functioned as a continuing unit as shown by a hierarchical or consensual decision making structure.

-7-

As noted above, Clark's complaint and RICO case statement alleged an association-in-fact enterprise consisting of NEHI, Billy Knollenberg, Doris Knollenberg, Donald Douglas, Cheryl Douglas, Virgin, MPCC, Caddo Creek, Lockout, Elvis Clint McBay, Lyle Brandon and Lana Brandon.  Although the plea agreements confirm a scheme to defraud, that scheme involved Donald Douglas, Caddo Creek and its representatives.  However, NEHI, Billy Knollenberg, Doris Knollenberg, Virgin, MPCC, Lockout and Elvis Clint McBay were not representatives of Caddo Creek.  Accordingly, the plea agreements do not establish that the enterprise, as alleged, operated as a unified decision-making structure.

## CONCLUSION

Based on the foregoing, the court concludes that the newly discovered evidence is neither material nor controlling and would not have produced a different result if present before the original judgment.  The court hereby **DENIES** Clark's "Rule 60(b) Motion and Memorandum in Support" (docket entry #161).  The Clerk of the Court is **ORDERED** to forward a copy of this order to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this the 30th day of August, 2007.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

-8-